### EMILE TANNERET *v.* F. EDWARDS, Sheriff, et al.

A judgment homologating an account between a tutor and his ward, and decreeing a balance in favor of the ward, is an executory judgment, and authorizes the issue of an execution to enforce it.

A sale of movable property is not complete until there has been a tradition or delivery to the purchaser.

Movable property, which has been sold but not delivered, is liable to seizure on an execution issued against the vendor to enforce a judgment against him.

APPEAL from the District Court, Parish of Avoyelles, *Edwards*, J. *A. B. Irion* and *A. & M. Voorhies*, for appellant. *Waddill & Barbin*, for appellees.

The facts are stated in the opinion of the Court.

LABAUVE, J. The principal and main question upon which the solution of this case depends, is one of delivery.

Z. G. Riché, having sold a lot of cotton to the plaintiff, gave him a receipt as follows:

AVOYELLES le 23 Decembre 1863.

Reçu de Emile Tanneret la somme de trois mille trois cents piastres en plain paiement de huit mille livres de coton en grain à raison de onze cents la livre. Il est convenu que je dois eplucher et emballer ce coton quand Mr. Tanneret me fournira la toile et la corde necessaires à l'emballer; il est de plus convenu que le dit coton est aux risques et periles du dite Tanneret, hors de ceux que pourraient resulter de ma propre négligence. (Signed) Z. G. RICHE.

The defendants, W. A. Gordon and Castillo and Césaire Lemoine, caused to be seized, on the 13th October, 1865, as the property of said Z. G. Riché, a lot of cotton containing about 35,000 pounds in the seed, situate on the plantation of said Riché, in a house once occupied by Paulin M. Grimillion.

On the 31st October, 1865, the plaintiff, claiming the cotton as his property, enjoined the sale,

Zerbin G. Riché testified, that when the deputy sheriff came to witness to execute the writ of fi. fa. enjoined in this case, he (witness) pointed to a house in which his cotton was, and told him that out of that lot he had sold 30,000 pounds to plaintiff, (Tanneret); he did not say to the sheriff not to seize the cotton of Mr. Tanneret.     *     *     *     He told the sheriff when he came to make the seizure, that the cotton had not been delivered to the plaintiff.    There was about 30,000 to 35,000 pounds of cotton in the lot.     *     *     *     When witness sold his cotton to plaintiff, he did not point to any particular lot of cotton, but pointed to the cotton in the house above stated, and promised that he would deliver him 30,000 pounds of good cotton, such as was in the house.    When witness sold his cotton to Tanneret he had more than 30,000 pounds of cotton; besides the 30,000 pounds sold plaintiff, witness sold some cotton and used some before and after the sale ; he did not take the cotton he sold, out of the house above stated, except about 1000 pounds before the seizure.    At the time the seizure was made, witness had no other cotton upon his place out of which he could have delivered the 30,000 pounds, except a little in his gin house.     *     *     *     *

Joseph T. Ducoté.     *     *     *     When Riché sold the cotton to plaintiff, he pointed to the cotton in the house above stated, and said he would deliver him such cotton,     *     *     *     *

The judgment, upon which the execution enjoined issued, homologated the account of tutorship rendered by Z. G. Riché to his ward, Césaire Lemoine, and was rendered in favor of said Césaire Lemoine against his said tutor, Zerbin G. Riché, for the balance of of six thousand three hundred and thirty-five dollars and seventy-five cents, with five per cent. interest per annum from the 1st of September, 1865, until paid.

This judgment is clearly executory, and execution properly issued.   *J. B. Capdeiville* v. *Joseph Erwin, Sheriff, et al.*   13 An. 286.

The District Court dissolved the injunction, and the plaintiff appealed.

From the above testimony, we are satisfied that the cotton bought by plaintiff was never delivered to him, and that it was liable to be seized by the creditors of said Z. G. Riché.

The tradition or delivery is the transferring of the thing sold into the power and possession of the buyer.  C. C. Art. 2452.   Marcadé 6, pages 380, 221.

Personal property sold and not delivered, is liable, in the hands of the obligor, to seizure and attachment.  C. C. Art. 1917.   1 An. 59.   3 An. 462.   C. C. Arts. 2243.

This cotton was sold by weight at eleven cents per pound, and until it was weighed, it was at the risk of the vendor (C. C. Art. 2433); then it was his property: res perit domino.

It is therefore ordered and decreed that the judgment appealed from be affirmed, with costs.